# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2827 | **DATE** | 4/17/13 |
| **CASE TITLE** | Narmer Griffin, Sr. (2012-0222145) v. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $15.95 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is also directed to: (1) dismiss Thomas Dart as a Defendant in this matter, (2) issue summonses for service of the complaint on Defendants Falcon and White, (3) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (4) send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for attorney representation [4] is denied without prejudice.

■[For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff, Narmer Griffin, Sr., a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $15.95. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that on February 22, 2012, he was at the Daley Center regarding a child support issue and a resulting body attachment that had issued against him. During a hearing, Plaintiff attempted to explain certain things to the judge but she would not allow Plaintiff to speak. Plaintiff continued to speak and he was removed from the courtroom. Plaintiff was taken to a room where Deputies White and Falcon used excessive force on Plaintiff. Plaintiff asked to be taken for medical care for the resulting injuries which was denied. Plaintiff was subsequently falsely charged with possession of a controlled substance and aggravated battery to a peace officer.

Plaintiff may proceed with his excessive force, false arrest, and deliberate indifference to serious medical needs claims against Deputies Falcon and White. Plaintiff also appears to be attempting to raise claims related to his pending state criminal matter (excessive bail, speedy trial); however, a federal court may not interfere with state criminal proceedings, and abstention is appropriate when a plaintiff invokes federal jurisdiction for the purpose of restraining or otherwise interfering with state criminal proceedings. *See Younger v. Harris*, 401 U.S. at 53; *Douglas v*

| STATEMENT |
|---|

*City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995). Thus, Plaintiff may not proceed with any claims directly related to his pending state criminal matter.

Plaintiff also names Sheriff Dart as a Defendant. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594; *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation). Plaintiff makes no allegations of any involvement in alleged violation of his constitutional rights by Sheriff Dart. Thus, Plaintiff has failed to allege a claim against Sheriff Dart and he is dismissed from this action.

The United States Marshals Service is appointed to serve Defendants Falcon and White. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Cook County employee or contractor who can no longer be found at the work address provided by Plaintiff, the Cook County shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks attorney representation. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to request counsel for Plaintiff, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7thCir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the Court concludes that granting Plaintiff the assistance of counsel is not warranted in this case at this time. Plaintiff has articulated colorable claims and has adequately investigated the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears more than capable of presenting his case, the Court declines to grant Plaintiff the assistance of counsel at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's request for attorney representation is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.